UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-161-KDB
(5:17-cr-11-KDB-DCK-2)

| | |
|---|---|
| CHUCK ALLEN CHURCH, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on *pro se* Petitioner's Letter, (Doc. No. 1-1), that is construed as a Motion for an Extension of Time.

Petitioner filed his Motion to Vacate pursuant 28 U.S.C. § 2255 on November 25, 2019.[1] (Doc. No. 1). In a Letter attached to the § 2255 Motion to Vacate, Petitioner states that the statute of limitations for filing a § 2255 petition expires in this case on November 29, 2019 and he requests an extension of time to file a supporting memorandum. (Doc. No. 1-1).

A one-year statute of limitation applies to § 2255 petitions, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule).

1

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

For purposes of § 2255(f)(1), a federal judgment becomes final when the U.S. Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires." Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (quoting Clay v. United States, 537 U.S. 522, 532 (2003)). A petition for writ of certiorari is due 90 days after the entry of a judgment. U.S. Supreme Court Rule 13(1).

In the instant case, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal on November 29, 2018. (Id., Doc. No. 122). Petitioner did not file a petition for writ of certiorari to the Supreme Court and the time to do so expired 90 days after the Fourth Circuit's entry of judgment. Therefore, the time to file a Motion to Vacate pursuant to § 2255(f)(1) has not yet expired and Petitioner's request for an extension of time will be denied as moot.[2]

**IT IS, THEREFORE, ORDERED** that Petitioner's Letter, (Doc. No. 1-1), is construed as a Motion for Extension of Time and is **DENIED** as moot.

Signed: December 9, 2019

Kenneth D. Bell
United States District Judge

---

[2] Petitioner filed a Motion seeking an extension of time to file a § 2255 petition that was docketed in the criminal case on November 4, 2019, (5:17-cr-11, Doc. No. 125), that is also moot.